UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH LOGAN,

                          Plaintiff,

          -against-

STATE OF NEW YORK, et al.,

                         Defendants.

22-CV-8902 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently incarcerated at Upstate Correctional Facility, filed this *pro se* action under 42 U.S.C. § 1983, alleging that he was denied adequate medical care at multiple facilities while he was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). On February 17, 2023, the Court directed Plaintiff to amend his complaint within 60 days, to address deficiencies in his pleadings. Plaintiff thereafter filed an amended complaint in which he failed to provide facts suggesting that any of the named defendants were deliberately indifferent to his serious medical condition or that his rights were violated in a DOCCS facility in this judicial district. On July 5, 2023, the Court granted Plaintiff an additional 60 days' leave to file a second amended complaint only against the defendants located at Fishkill Correctional Facility to allege facts showing that the named defendants provided constitutionally deficient medical care. Plaintiff filed an amended complaint on July 24, 2023, and the Court has reviewed it. For the reasons set forth below, the Court dismisses this action.

## BACKGROUND

      The Court assumes familiarity with the underlying facts of this case as summarized in the Court's February 17, 2023 and July 5, 2023 orders. Plaintiff filed the original complaint against

the following defendants: (1) the "State of New York DOCCS"; (2) Dr. Dar Qutubuddin, employed at Groveland; (3) Dr. Hurley (place of employment not specified); (4) Nurse Practitioner Sullivan-Davachi, employed at Fishkill; (5) Nurse Practitioner Campbell Sherine, employed at Fishkill; and (6) Nurse Administrator Tamara Kennedy (place of employment not specified). Plaintiff alleged that the medical staff at Woodbourne, Groveland, Fishkill, Collins, Midstate, and Mohawk Correctional Facilities denied him adequate medical care relating to diagnosis of HIV and Hepatitis C, but he alleged no facts about what occurred or how the defendants were involved in the events from which his claims arose. In the February 17, 2023 order, the Court dismissed the claims against DOCCS as barred under the Eleventh Amendment and directed Plaintiff to submit an amended complaint alleging facts showing that he suffered from a medical condition that posed an unreasonable risk of serious damage to his health, and that each named defendant was deliberately indifferent to that condition by failing to provide him adequate care.

On March 8, 2023, Plaintiff filed an amended complaint naming the same defendants as in his original pleading, including DOCCS, despite the Court's dismissal of that defendant. He asserted that, after he had "flu like symptoms," he requested diagnostic tests to determine if he had HIV or Hepatitis C, but that each defendant violated his rights by not providing the requested testing or, in an unspecified manner, delaying or denying him adequate medical care for his condition. (ECF 7, at 4.) The amended complaint also indicated that the alleged events giving rise to Plaintiff's claims had taken place only in a few facilities such as Groveland and Mohawk, which are not located within the Southern District of New York. In the July 5, 2023 order, the Court held that (1) Plaintiff had not provided facts suggesting that any of the named defendants were deliberately indifferent to his serious medical condition; and (2) that documents

relating to his medical care appended to the amended complaint suggested that he was seen multiple times by medical staff, and he seemingly disagreed with the medical staff at multiple facilities about his medical condition and the proper course of treatment. The Court again dismissed DOCCS from the action and directed Plaintiff to file a second amended complaint only against the Fishkill defendants −Dr. Dar Qutubuddin, Dr. Hurley, Nurse Practitioner Sullivan-Davachi, Nurse Practitioner Campbell Sherine, and Nurse Administrator Tamara Kennedy –alleging facts stating how each of those defendants violated his rights by failing to provide him adequate medical care while he was incarcerated at Fishkill.

On July 23, 2023, Plaintiff filed a second amended complaint in which he sues the State of New York, Nurse Practitioner Sullivan-Davachi, and Nurse Practitioner Campbell Sherine. He alleges that from December 2020 to July 19, 2023, he was denied adequate medical care at multiple DOCCS facilities. He asserts that he has HIV and Hepatitis C, that his medical conditions have gotten worse since his incarceration, and that nurse practitioners and doctors have "played a role in delaying [his] treatment or diagnosis." (ECF 9, at 4.) Plaintiff also alleges that he possibly has liver cancer, AIDS, and liver disease that have also not been treated, and that he is in "imminent danger" and "possibly dying." (*Id*. at 11.) He seeks an order directing the State of New York to send him to a local hospital for proper medical treatment, and he also seeks money damages.

**DISCUSSION**

Similar to his original and amended complaints, Plaintiff's second amended complaint does not provide facts sufficient to state a claim of inadequate medical care under the Eighth Amendment. Plaintiff asserts generalized claims of denial of adequate medical care at multiple DOCCS facilities during his incarceration but, as in his prior submissions, he does not allege facts in the second amended complaint showing that he suffered from a medical condition that

3

posed an unreasonable risk of serious damage to his health and that each named defendant was deliberately indifferent to that condition by failing to provide him adequate care. Rather, Plaintiff believes that he suffers from multiple serious conditions, such as HIV and Hepatitis C, which the medical staff at multiple DOCCS facilities have failed to diagnosis and treat. Plaintiff's disagreement with the medical staff concerning his medical conditions and the proper treatment, however, does not constitute deliberate indifference in violation of the Eighth Amendment. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) ("[M]ere disagreement over the proper treatment" is not actionable under Section 1983.) *see also Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001) ("[D]isagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists e timing of their intervention, are not adequate grounds for a Section 1983 claim."). Furthermore, any Section 1983 claims Plaintiff may have against the State of New York are barred under the Eleventh Amendment. *See Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) ("[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity.").

Because Plaintiff's claims against the State of New York are precluded by the Eleventh Amendment, and he does not allege facts suggesting that any defendant deprived him of adequate medical care for a serious medical condition in violation of the Eighth Amendment, Plaintiff's second amended complaint must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

## CONCLUSION

The Court dismisses this action under 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:   November 20, 2023
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge