UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH LOGAN,

                Plaintiff,

      -against-

STATE OF NEW YORK, et al.,

                Defendants.

22-CV-8902 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is proceeding *pro se*, filed this action under 42 U.S.C. § 1983, while he was incarcerated at Wallkill Correctional Facility. He alleged that he was denied adequate medical care at multiple facilities while he was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). After the Court twice granted Plaintiff leave to amend, on July 23, 2023, Plaintiff filed a second amended complaint in which he sued the State of New York, and two medical staff members at Fishkill Correctional Facility – Nurse Practitioner Sullivan-Davach, and Nurse Practitioner Campbell Sherine. He alleged that from December 2020 to July 19, 2023, he was denied adequate medical care at multiple DOCCS facilities. On November 20, 2023, the Court dismissed this action, finding that Plaintiff's claims against the State of New York were precluded by the Eleventh Amendment, and he did not allege facts suggesting that any defendant deprived him of adequate medical care for a serious medical condition in violation of the Eighth Amendment. (ECF 12.)

      On November 29, 2023, the Court received from Plaintiff, who is no longer in custody, a notice of motion and a declaration in which he asks the Court to reconsider the dismissal of this action. (ECF 14.) In the declaration, Plaintiff writes the following:

> Appeal dismissal of case relevant to facts jurisdiction and trial callender for any facts relevant to my case civil claim cv 1:22-08902 appeal and NYLAG for a lawyer movant party.

(ECF 14, at 3.)[1] Plaintiff also attaches to the motion state court forms for judicial intervention in a matter, copies of the orders that were issued in this action, and a packet of information for prisoners from Clinton Correctional Facility. On one of the pages from the packet, Plaintiff writes "Clinton attempted to conspiracy to murder me[.] Plaintiff currently in imminent danger to the courts review." *(Id*. at 83.)

The Court liberally construes Plaintiff's submissions together as a motion brought under Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)") to alter or amend judgment, and under Local Civil Rule 6.3 for reconsideration, as well as a motion brought under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)") for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (stating the solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing Plaintiff's submissions, the Court denies the motion.

## DISCUSSION

**A.   Motion to Alter or Amend the Judgment under Rule 59(e)**

A party who moves to alter or amend a judgment under Rule 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it.

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the motion. All other grammar, spelling, and punctuation are as in the original unless otherwise indicated.

2

*R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

Plaintiff does not provide any facts or reasons why the Court should reconsider the dismissal of this action. Even under a liberal interpretation of his submissions, Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to dismissal of this action. The Court therefore denies Plaintiff's motion under Rule 59(e).

B.      **Motion for Reconsideration under Local Civil Rule 6.3**

The standards governing Rule 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)). Thus, a party seeking reconsideration of any order under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509.

The Court therefore denies Plaintiff's motion under Local Civil Rule 6.3 for the same reasons as the Court denied him relief under Rule 59(e); Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action.

3

**C.      Motion for Relief from a Final Order of Judgment under Rule 60(b)**

Under Rule 60(b), a party may seek relief from a district court's final order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons Rule 60(b)(1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court finds that Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Rule 60(b) applies or that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). Because Plaintiff does not present any legal or factual matters that would call into question the Court's dismissal of this action, his request for relief under Rule 60(b) is denied.

Because this matter is closed, the Court will not accept any further submissions in this action, except for papers directed to the United States Court of Appeals for the Second Circuit.

## CONCLUSION

The Court construes Plaintiff's notice of motion and declaration (ECF 14) together as a motion brought under Rule 59(e) of the Federal Rules of Civil to alter or amend judgment, and under Local Civil Rule 6.3 for reconsideration, as well as a motion under Rule 60(b) of the Federal Rules of Civil Procedure for relief from a judgment or order. The Court denies the motion and terminates all other pending matters in this action.

This action is closed. The Court directs the Clerk of Court not to accept any further submissions under this closed case except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 12, 2023
         New York, New York

                                                /s/ Laura Taylor Swain
                                                 LAURA TAYLOR SWAIN
                                                Chief United States District Judge